# In re Appeal of Farrell & Desautels, Inc.

[383 A.2d 619]

No. 107-76

Present: Barney, C.J., Daley, Larrow, Billings, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1978

*James M. Farrell*, Burlington, for Plaintiff.

*Spencer R. Knapp* of *Dinse, Allen & Erdmann*, Burlington, for Defendant.

**Larrow, J.** Denied a permit to construct a planned unit development of 24 units by the Town of Colchester Zoning Board of Adjustment, appellant corporation seasonably appealed to the Chittenden Superior Court under the provisions of 24 V.S.A. § 4471. A de novo hearing was held in that court, with the transcript of evidence taken below stipulated into the record and additional evidence also taken. Although several issues were presented to the trial court, and are briefed here, the paucity of the findings below makes adjudication of all of them in this Court impossible. The findings and judgment order of the superior court purporting to "affirm" the action of the zoning board were addressed only to a single issue. And, were not the parties in agreement with respect to the zoning ordinance provisions relating to this issue, even this point would

escape our adjudication, because none of the applicable provisions of the ordinance, or of the municipal plan, were found by the trial court. *W. R. Sorg & North Hero House, Inc.* v. *North Hero Zoning Board of Adjustment,* 135 Vt. 423, 378 A.2d 98 (1977); *Hambley* v. *Town of St. Johnsbury,* 130 Vt. 204, 290 A.2d 18 (1972). No facts were found and no conclusions of law were stated with respect to the claims of the Town that the proposed unit development (a) would not promote the most appropriate use of the land, (b) would impair the natural and scenic qualities of open lands, (c) would conflict with the town plan, and (d) would exceed the density requirements established by the zoning ordinance. With these contentions unresolved below, because of the court's reliance on a single ground for its "affirmance," we cannot, in this Court, direct the granting of a permit as appellant urges, even though we disagree with the trial court on the single issue it decided. A remand for new trial is required so that all material issues may receive the judicial de novo review to which they were entitled in the first instance. Nor can we, as the Town would have us do, support the findings and conclusions of the Board of Adjustment as not clearly erroneous on the basis of the evidence it took. Such was, of course, the intimation of *DeWitt* v. *Town of Brattleboro Zoning Board of Adjustment,* 128 Vt. 313, 262 A.2d 472 (1970), and cases preceding it, but the appeal procedure then in effect did not require trial de novo. That requirement was added to 24 V.S.A. § 4472(a) by amendment effective April 11, 1974, and thus is applicable to this case. The record clearly demonstrates that the hearing was de novo and was so regarded by the parties, as it quite properly had to be. Their stipulation that the transcript of the evidence before the Board of Adjustment might be considered by the court along with the new evidence taken does not change the status of the proceeding.

Extensive review of the evidence below is not required to dispose of the single issue which may fairly be said to be before us, because most of it never found its way into considered findings. Those facts which were found, and are relevant to the issue presented, are as follows. Plaintiff corporation is a real estate developer. In 1972 it owned a parcel of land, with buildings, in Colchester Village, so-called, comprising some 4½ acres. In that year it applied for and eventually was granted a permit to convert one house into a two-family dwelling and

another house into three apartments and a professional office. The findings and order in that case reflect no condition upon use of the land which would "commit" the entire parcel to the authorized use, but the Town contends, and the trial court found, that appellant represented at the hearing that it would not use the 4½ acres for any building use. The court also found that the Board "would have considered the application in an entirely different light if said four and one-half acres were not to be so dedicated."

In 1974, appellant acquired another adjacent four acre parcel. It then applied for a permit to construct a planned unit development of 24 units on the whole 8 ½ acre parcel, under the provisions of 24 V.S.A. § 4407(3) and parallel provisions of the Colchester ordinance. The application was denied upon the ground, *inter alia*, that the original parcel had been "committed" to a use other than the planned unit development, leaving the remainder insufficient to meet frontage or acreage requirements. On appeal the superior court affirmed the Board's determination, concluding the original parcel had been committed to another use.

■ Appellant insists it did not, regardless of the state of the minutes of the original hearing and the recollection of board members, make any statement about future use of the original parcel beyond an indication that it had no present plans for further use. But even assuming the somewhat equivocal testimony supporting the finding of the trial court to be sufficient, we cannot agree with the court's ultimate conclusion that the original parcel had been committed to another use. Whatever the discussion at the original hearing, or the internal considerations which prompted board members to grant the requested permit, no condition respecting future use of the premises found its way into the findings as filed or the order as issued. We cannot subscribe to the proposition that a formal written order which contains some *express* terms and conditions can also be said to carry with it silent and *unexpressed* terms and conditions. Having clearly in mind the provisions of 24 V.S.A. § 4472(a) making the statutory appellate route the sole remedy of an aggrieved party, from what could appellant have appealed? It could not have appealed the granting of the permit because that was what it sought. And it could not have appealed any condition imposed because it would have had no notice of it.

The maintenance of official records surely has a definite purpose; one need only consider the plight of a subsequent purchaser in order to perceive the sagacity of the requirement that conditions imposed be express, and that conditions not expressed in the findings and order be disregarded, whatever the state of mind and unexpressed considerations of the adjudicative body.

The contention of the Town that the original parcel had been legally "committed" under certain self-imposed restrictions mentioned by the appellant before the Board of Adjustment is untenable. Conditions imposed by a zoning board must be expressed with sufficient clarity to give notice of the limitations on the use of the land, and cannot incorporate by reference statements made by an applicant at a hearing. *Suburban Club of Larkfield, Inc.* v. *Town of Huntington,* 57 Misc. 2d 1051, 1056, 294 N.Y.S.2d 4, 8 (Sup. Ct.), *aff'd mem.,* 31 App. Div. 2d 718, 297 N.Y.S.2d 893 (1968); accord, *Bernstein* v. *Board of Appeals,* 60 Misc. 2d 470, 474, 302 N.Y.S.2d 141, 146 (Sup. Ct. 1969); *Rochester Historical Society, Inc.* v. *Crowley,* 14 App. Div. 2d 490, 217 N.Y.S.2d 619 (1961).

Since an unexpressed condition was the sole ground upon which the trial court based its orders of affirmance, those orders must be vacated and the cause remanded for a new trial, so that the parties may have the benefit of findings and conclusions upon the other issues presented by the appeal.

*The Order below dated March 31, 1976, and the Amended Order dated April 19, 1976, are vacated, and the cause is remanded for further proceedings consistent with the views herein expressed.*