STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Foster and     }
Pamela Tucker                 }
                                  }    Docket No. 149-7-00 Vtec
                                  }
                                  }

City of Vergennes          }
                                  }
v                               }    Docket No. 173-8-00 Vtec
                                  }
Foster and Pamela Tucker    }

Decision and Order

Appellant-Defendants Foster Tucker and Pamela Tucker have appeared and represent themselves in the above-captioned matters; the City of Vergennes is represented by James W. Runcie, Esq. In an earlier appeal, Docket No. 123-7-98 Vtec, the Environmental Court upheld a decision of the Zoning Board of Adjustment (ZBA) of the City of Vergennes, denying Appellants Foster and Pamela Tucker an additional variance from the side setback requirements for their partially-constructed house at 54 MacDonough Drive. That decision was affirmed by the Vermont Supreme Court in its Docket No. 99-399.

The City issued a Notice of Violation to Appellant-Defendants, requiring them to remove the portions of the upper two stories of the house within the side yard setbacks; Appellant-Defendants appealed this Notice of Violation in Docket No. 149-7-00 Vtec. The City brought an enforcement action against Appellant-Defendants, seeking an order that the house be brought into compliance either by removal of the second story or removal of the portions of the building within the setback area; fines of $100 per day; attorney's fees, and costs. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties made their arguments on the record of the proceedings. Upon consideration of the evidence and the arguments, the Court finds and concludes as follows.

Appellant-Defendants obtained a variance and a zoning permit on October 10, 1995 to build a "one-story[1]" 60' x 40' house on a sloping lot at 54 MacDonough Drive, extending ten feet into each side setback, near the original house on the property, and then to demolish the original house. Appellant-Defendants' application had sought a variance from two provisions of the Zoning Regulations: the 20-foot side setback requirement and a requirement that a detached garage not be placed in front of the building front line. The only conditions associated with the

grant of the variance related to the timing of occupancy of the new house and demolition of the original one.

Section 302 of the Zoning Regulations, as well as the warning on the face of the zoning permit, requires reapplication to complete any activities not completed within two years after the issuance of the permit. Appellant-Defendants did not begin work on the new house until the spring and summer of 1997. They constructed a house that constitutes three or four stories under the Zoning Regulations and in any event is more than the one-story-over-basement shown in the original plans. The house as built consists of a walk-out basement story, two full stories of living space above that, covered by a hipped roof. Construing the regulations and the 1995 variance most favorably to the landowners, Appellant-Defendants are in violation of their 1995 variance as to the portion of their house constructed as the top story and the roof above it, as no more than the basement story and first story above that was permitted by the 1995 variance[2] and permit. The portion of the house in violation of the 1995 variance is the portion of the house appearing as the third story from the street side, plus the portion within the hipped roof above that story, whether or not the interior has a floor at the eave level of the roof. Construing the regulations and the 1995 variance most favorably to the landowners, Appellant-Defendants are in violation of their 1995 variance as to the portion of their house constructed as the top story and the roof above.

As of the two-year anniversary of the permit, Appellant-Defendants had completed approximately 60% of the building, including the foundation, framing, sheathing, roof trusses, decking and roofing paper, and had installed most of the windows. Appellant-Defendants had not reapplied under § 302 to complete the activities authorized by their zoning permit.

Five months later, on March 4, 1998, the Zoning Administrator informed Appellant-Defendants that their zoning permit had expired, requested that they obtain the required approvals to connect the new house to the sanitary sewer, and informed them of the apparent problem with the number of stories in the new house: that they had " constructed an additional entire story which was not contemplated in the original application nor informed to abutting property owners." The letter directed Appellant-Defendants to apply for an amended variance. Appellant-Defendants did not appeal the Zoning Administrator' s March 1998 letter, but instead applied for the side setback variance for their taller house as built.

Mr. Tucker testified that he had also received a letter from " the City" in September or October of 1997 stating that Appellant-Defendants needed to renew the permit. However, no such letter was found in the City' s files, nor were Appellant-Defendants able to produce their copy of the letter at trial. In addition, Appellant-Defendants both also testified that they received no notice from the Zoning Administrator or the Board telling them about the violation prior to the March 1998 letter in evidence as Exhibit 14. Accordingly, the Court finds it more credible that the first notification to Appellant-Defendants of their violation was the March 1998 letter.

After the new side setback variance had been denied by the ZBA, the Zoning Administrator issued a notice of violation on October 12, 1999, ordering Appellant-Defendants to " remove the portion of the upper 2 stories of the dwelling that are less than 20 feet from the sideyards." The

ZBA decision upholding the notice of violation ordered that " the second story and the portion of the structure that is [within the side yard setbacks] be removed."

While Appellant-Defendants' appeal of the notice of violation was pending at the ZBA the parties entered into a written stipulation and order to stay any further ZBA proceedings on the notice of violation and enforcement action until Appellant-Defendants' Supreme Court appeal of the variance denial had been resolved. That stipulation and order also provided (in unidentified handwriting at the foot of the document) that no additional work was to be done on the structure without the written approval of the zoning administrator. Appellant-Defendants did cease work on the structure, and appear to have continued to live in the original house, as the City has requested in the present case an order that Appellant-Defendants remove the original house within 90 days after they occupy the new one.

Appellant-Defendants have constructed their house in violation of their 1995 variance, in that they have built more than a one-story house over a one-story walk-out basement. The house as built extends ten feet on each side into the side yard setback, for an additional story and roof area above the area permitted by the 1995 variance. This violation is a substantial one. Appellant-Defendants are charged with knowing the terms of their 1995 variance and permit entitling them to build a basement story and one story above it, within the side yard setback. As their construction substantially exceeded the scope of that variance and permit, the City is entitled to an appropriate mandatory injunction to remove the violation. Town of Sherburne v. Carpenter, 155 Vt. 126 (1990); In re Letourneau, 168 Vt. 539, 550-51 (1998).

Accordingly, as soon as the 2002 construction season permits, and so that it is completed no later than May 31, 2002, Appellant-Defendants shall bring the construction into full compliance with their 1995 variance or otherwise bring it into compliance with the Zoning Regulations. They may do so under this decision and order by reapplying under § 302 for a zoning permit to complete the activities authorized by their 1995 zoning permit, to remove the top story of the house and reconstruct the roof, so that the end result is the one-story house over a one-story walk-out basement authorized by their 1995 variance.

On the other hand, if Appellant-Defendants instead wish to bring the new house into compliance with the Zoning Regulations by retaining the full height of the house and removing the area within the side yard setbacks down to the ground, they may apply to the Zoning Administrator for a permit to do so, as such a result would not have required a variance in the first place. Similarly, if Appellant-Defendants wish to bring the property into compliance by obtaining additional adjoining land to increase the side yard setbacks, they may do so and then may apply to the Zoning Administrator for a permit as built. However, under this decision and order, any alternative to the removal of the top story of the building shall also be completed by May 31, 2002.

Consistent with the terms of the 1995 variance, Appellant-Defendants shall also remove the original house within 90 days after occupying the new house.

The City presented no evidence of the amounts of costs or attorney's fees attributable to this enforcement action and therefore is not entitled to consideration of its costs or attorney's fees as

part of the civil penalty calculation. The ZBA upheld the notice of violation on June 7, 2000; in the present case we measure the past period of violation from that date to the date of trial on May 9, 2001, or 336 days. This period is appropriate because, unlike in Town of Sherburne v. Carpenter, 155 Vt. 126, 133 (1990), in the present case Appellant-Defendants have not " had the benefit of the zoning ordinance violation" as they have been unable to complete or occupy the house during the pendency of these proceedings. We also have not considered the time period from the construction of the non-complying portions of the structure some time in the summer of 1997 to the date in March of 1998 on which Appellant-Defendants were first notified of the problem with the construction of the additional story. We have not imposed any penalty for this period as it predates the formal notice of violation; therefore we do not address Appellant-Defendants' assertion that the City should have notified them of the violation earlier during construction in 1997.

Appellant-Defendants presented no evidence of the costs of bringing the structure into compliance under any of the alternatives discussed above. Appellant-Defendants stated that the uncompleted structure had been deteriorating during the litigation, but presented no evidence of the costs of repairing any deterioration, evidence of what would have been the avoided costs of completion of the structure as built, or evidence of the relative costs of removing ten feet from each sides of the structure but leaving it at the present height, compared with reducing it to the height for which the 1995 side setback variance had been granted. However, as in Fenwick v. City of Burlington, 167 Vt. 425, 435 (1997), although we do not know the cost of tearing down the top floor or the sides of the building, we can assume it will be substantial. The cost of compliance in the present case will be sufficiently substantial so that a penalty of $100 per day is not warranted for past violations. Rather, we impose a penalty of $5 per day for the past period of 336 days of violation, or $1,680 to be paid to the City. Any violation extending beyond the compliance date set in this order will subject Appellant-Defendants to additional penalties of $100 per day, whether under 24 V.S.A. § 4444 or in a proceeding for contempt of this order.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that a mandatory injunction is issued in favor of the City as follows:

As soon as the 2002 construction season permits, and so that it is completed no later than May 31, 2002, Appellant-Defendants shall bring the structure into compliance with their 1995 variance or by that date otherwise bring it into full compliance with the Zoning Regulations as discussed above. Appellant-Defendants shall also remove the original house within 90 days after occupying the new house.

As well as the cost of compliance, Appellant-Defendants shall pay a penalty for past violations under 24 V.S.A. § 4444 of $1,680, payable to the City. Any violation extending beyond the compliance date set in this order will subject Appellant-Defendants to additional penalties of $100 per day, whether under 24 V.S.A. § 4444 or in a proceeding for contempt of this order.

Dated at Barre, Vermont, this 31st day of December, 2001.

_____
Merideth Wright
Environmental Judge

## Footnotes

1. While the application stated "1 story," the plans showed a basement garage or shop below the house. The term "story" is defined in the Vergennes Zoning Regulations as "that portion of a building included between a floor and the floor or roof next above it." The term "basement" is defined as a "story partly underground" and is counted as a story "if the vertical distance between the basement ceiling and the average grade level of the adjoining ground is more than six feet."

2. Appellant-Defendants argue that the entry of "1-story" on the application was a mistake, and that the one-story drawing pertained to an earlier proposal (which had been denied by the ZBA because the original house on the property was not proposed to be demolished). They also argue that they had discussed at the ZBA hearing on the variance their new proposal to build a two-story house. However, neither the 1995 variance nor the zoning permit based on it provided for more than a single story over a basement story, and in any event a ZBA decision cannot incorporate by implication "statements made by an applicant at a hearing." In re Farrell & Desautels, Inc., 135 Vt. 614, 617 (1978), cited in In re Kostenblatt, 161 Vt. 292 (1994).