STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Eric Cota and    }
Geraldine Cota                    }
                                  }    Docket No. 247-10-00 Vtec
                                  }
                                  }

**<u>Decision and Order on Cross-Motions for Summary Judgment</u>**

Appellant-Applicants Eric Cota and Geraldine Cota appealed from a decision of the Development Review Board (DRB) of the Town of Montgomery, denying their appeal of a decision of the Zoning Administrative Officer that their project required a conditional use permit, and imposing conditions of a conditional use permit. Appellants are represented by Joseph F. Cahill, Jr., Esq.; the Town is represented by Amanda S.E. Lafferty, Esq.

The parties each have moved for summary judgment on Questions 1 and 2 of the Statement of Questions: whether the Zoning Administrative Officer was correct that the new building required a conditional use permit or an amendment to Appellants= existing conditional use permit for the business, and, if so, whether the DRB had the authority to impose new conditions on Appellants= use of the land.

The following facts are undisputed unless otherwise noted. Appellants own and occupy a 16.3-acre lot in the Town= s Commercial/Residential, Village I, and Village II zoning districts. The boundary between the Village I and Village II districts in relation to Appellants= property is found on Addendum 2 to the October 2, 2000 decision of the Development Review Board, the original of which appears to have been filed with the Court, but although labels for the Commercial district is also found on that map, it is not clear where the district boundary between the Village I and Commercial districts are located. However, no argument is made that depends on the district boundaries or on the provisions in ' II(B)(3) of the Zoning Regulations that where a district boundary divides a lot, the regulations pertaining to that district may be extended 50 feet into the adjacent district on the property. In all three districts, commercial uses are a conditional use, and agricultural uses are a permitted use. In addition, in the commercial district, A light industry@ is also a conditional use category.

In 1988, Appellants applied for what was then entitled a A building@ permit requesting to convert their A primary residence@ use to A same plus business.@ The application form further described the project as follows: A to run Eric= s excavation + finish landscaping business.@ No new structures were proposed in the 1988 application, but a layout was attached showing a front parking area, front and side setbacks, and proposed screening. The Zoning Administrative Officer referred the application to the then-Zoning Board of Adjustment (ZBA) which granted a conditional use permit for the business, with conditions reflecting the proposed parking and screening layout: that trucks and equipment be parked no closer than 25 feet from the edge of the right-of-way of Route 118 (Main Street), and that evergreens be planted in the side setback areas

extending 50 feet back from the edge of the road right-of-way. The parties dispute whether Appellant Eric Cota stated in the 1988 hearing that he intended to have no more than two or three pieces of equipment or vehicles on the property, but no such requirement was imposed as a condition of the 1988 permit. No party appealed the 1988 conditional use permit, which became final.

Appellants applied in 1990 for a building/zoning permit to construct a greenhouse, indicating the zone as A commercial.@ The permit was granted by the Zoning Administrative Officer, apparently as a permitted use[1], without requiring amendment of the conditional use permit.

Appellants applied in 1994 for a building/zoning permit to construct three greenhouses, an addition to the office, and a 12' x 14' storage shed, indicating the zone as A commercial.@ The permit was granted by the Zoning Administrative Officer as a permitted use, without requiring amendment of the conditional use permit. The approval included a note: A ag[ricultural] use is deemed exempt from 2 outbuilding limitation,@ suggesting it was treated as a permitted agricultural use.

Appellants applied in 1996 for a building/zoning permit to construct a greenhouse and to replace a collapsed greenhouse, indicating the zone as A commercial.@ The permit was approved > by operation of law= as a permitted use, without requiring amendment of the conditional use permit.

Appellants applied in April 2000 for a building/zoning permit to construct a 75' x 32' x 24' pole barn, shown as divided into > bins,= indicating the zone as Village I. The proposed use was to A house > compo= mix, hay and straw. When not in use for nursery will house equipment.@ The permit was granted by the acting Zoning Administrative Officer as a permitted use, without requiring amendment of the conditional use permit.

From time to time subsequent to the 1988 permit, and before July 2000, Appellants have stored or used on the property various equipment and materials related to Appellants= landscaping and excavation business. The equipment has included dump trucks, an excavator, a front-end loader, a backhoe, and stationary gravel sifters; the materials have included piles of landscaping materials such as sand and gravel, amounting to several hundred cubic yards of materials. The parties dispute what equipment is stored or used on the property at the present time; those disputed material facts are not material to the issues in the summary judgment motions, although they may be material to the merits of the permit application.

On July 24, 2000, Appellants applied for the building/zoning permit at issue in this appeal: to construct a 62' x 40' x 19' A nursery + con[struction] equipment storage and maintenance building,@ indicating the zone as Village I. The application describes the present use of the property as commercial and agricultural. The Zoning Administrative Officer denied the application, stating that A this is an expansion of conditional use@ and thus required A ZBA review and processing.@

Appellants appealed the jurisdictional decision of the Zoning Administrative Officer to the DRB and also applied to the DRB for the conditional use permit or permit amendment. On the

application to the DRB, Appellants described the present use as A greenhouse/landscaping@ and the proposed use as A same.@ The stated purpose of the application is to A construct 40 x 62 steel building green w/ brown roof. Does not constitute expansion of existing use.@ Building A to be used for winter indoor storage + maintenance of equipment.@ It was noticed for public hearing as an appeal of the Zoning Administrative Officer= s decision and as an application for A expansion of an existing Conditional Use Permit.@

In its decision, the DRB determined both that the proposed building required a conditional use permit and that the extension of the landscaping business since the 1988 permit required a conditional use permit, since both were A extension[s] of use of land@ of a project already holding a conditional use permit, under ' II(A)(3)(a) and the definitions in ' ' I(H)(14) and (31) of the Zoning Bylaws and Regulations.

The DRB then conducted conditional use review, including consideration of the ' II(D)(22) performance standards, and granted the conditional use permit with five conditions. The conditions 1) required additional screening of neighbors= residential property; 2) limited the hours of operation of the excavating and finish landscaping business; 3) limited the volume and locations of stockpiled materials; 4) limited the degree and types of further expansion permissible without further approval; and 5) required the minimization of dust caused by truck traffic and gravel sifting. Appellants appealed both the ruling that the application required a conditional use permit and the conditions imposed.

Question 1 of the Statement of Questions

The analysis for this property would ordinarily start with the fact that some of the business= functions are classified as agricultural and some are classified as commercial, as many zoning regulations classify residential and agricultural uses as permitted uses (requiring only a zoning permit) while classifying commercial uses as conditional uses requiring a conditional use permit from the DRB. However, under the Montgomery Zoning Regulations, in all three zones applicable to the property, agricultural uses and commercial uses are both classified as conditional uses and require a conditional use permit or an amendment to an existing conditional use permit. The classification of agricultural uses as conditional uses in these zones may conflict in some circumstances with the exemption for accepted agricultural practices, including farm structures, in 24 V.S.A. ' 4495; however, that issue has not be raised by the parties in connection with the present application.

The first application in 1988 added the commercial business to the formerly residential property, and required and was granted the 1988 conditional use permit. The next four applications for greenhouses, office, and storage shed apparently were treated as buildings for the agricultural use, and received zoning permits from the Zoning Administrative Officer, although it appears that they should have required conditional use approval as agricultural uses require a conditional use permit in these zones. However, those four permits became final without appeal and cannot now be challenged on this basis.

Appellants argue that the proposed structure is merely accessory to the uses approved in the 1988 conditional use permit, and therefore that no conditional use approval was required.

However, nothing in the Zoning Regulations provides that accessory buildings or uses are to be treated as permitted uses (requiring only a permit from the Zoning Administrative Officer) if they are accessory to a conditional use. The only permitted use on the property is Appellants= residence. Both the commercial aspects of the landscaping business and the agricultural aspects of the landscaping business are conditional uses, and any construction of a building to serve those uses, as well as any expansion of the conditional use itself, requires a conditional use permit or permit amendment.

Moreover, the only mention in the regulations of accessory buildings= being permitted without review by the now-DRB is in ' II(D)(10), which provides that A each lot in residential use may have no more than two (2) unattached Accessory Buildings[2] in addition to those which are attached to the Main Building, such as garages, greenhouses, storage sheds, etc., unless approved by the Zoning Board of Adjustment.@

Accordingly, Appellants= Motion for Summary Judgment as to Question 1 of the Statement of Questions is DENIED and Summary Judgment is entered on that question in favor of the Town, in that the proposed new building requires conditional use review as the construction of a building for either the commercial or the agricultural use of the property, both of which are conditional uses in these districts.

Question 2 of the Statement of Questions

However, all that was before the DRB with regard to this application was whether the building could be built in the proposed location, for the proposed purposes, and whether any conditions were necessary under the conditional use standards for that proposed building. The application did not reopen the 1988 approval, nor did it provide a means for the Town to examine whether Appellants= other activities elsewhere on the property were within or beyond the scope[3] of the 1988 conditional use permit or met the performance standards in ' II(D)(22).

Of course, the Town was and is free to examine the activities conducted on Appellants= property, to determine whether those activities are within or beyond the scope of the 1988 permit, or whether they violate the performance standards of ' II(D)(22). The Town was and is free to issue a notice of violation requiring Appellants to cease activities violating the performance standards or requiring them to apply for an amendment to the conditional use approval to cover new activities. For example, it is possible that the sifting of gravel may be an activity beyond the scope of a A landscaping and excavation business@ and therefore may require an additional permit. Appellants could then contest such issues in a challenge to any such notice of violation. However, an inquiry into the gravel-sifting activity, or the materials-stockpiling activity, or the number of vehicles or other equipment, or the hours of operation of the business, is beyond the scope of the permit application at issue in the present proceeding, except as it relates to the use of the building applied for in that permit application.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that each party= s Motion for Summary Judgment is GRANTED in PART and DENIED in PART, as discussed above.

We will proceed to schedule the remainder of this appeal for a hearing on the merits of the conditional use permit application for the new building, and will schedule a telephone conference for January 25, 2002 or some time in the following week, to set the matter for trial.

Done at Barre, Vermont, this 18th day of January, 2002.

_____

Merideth Wright
Environmental Judge

---

**Footnotes**

[1]  The state zoning statute, 24 V.S.A. §4495 exempts farm structures altogether from municipal zoning; however, if this section had been applied to the construction of the greenhouses or compost storage building, no municipal permit should have been required under §4495(c):

A person shall notify a municipality of the intent to build a farm structure, and shall abide by setbacks approved by the commissioner of agriculture, food and markets. No municipal permit for a farm structure shall be required.

[2]  The 1996 permit noted, without citing any section of the regulations, that agricultural use is deemed exempt from this two-outbuilding limitation. The parties have not cited any such exemption and we have not found such a section in the regulations. 24 V.S.A. §4495 is discussed at footnote 1, above.

[3]  Permit conditions must be "expressed with sufficient clarity to give notice of the limitations on the use of the land." In re Farrell & Desautels, Inc., 135 Vt. 614, 617 (1978).