STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

|  |  |
|---|---|
| In Re: Stowe Highlands Merger/ Subdivision Application | Docket No. 35-3-11 Vtec |

### Decision in On-the-Record Appeal

In this on-the-record proceeding, Stowe Highlands ("Applicant") appeals a 2011 decision by the Town of Stowe Development Review Board ("the DRB") denying an application to amend a Resort Planned Unit Development located in the Town of Stowe, Vermont. Specifically, the DRB denied Applicant's request to subdivide an existing parcel of land and then merge a portion of the newly subdivided land with several existing lots.

Applicant is represented by Harold B. Stevens, Esq.; the Town of Stowe is represented by Amanda S.E. Lafferty, Esq.; and Leighton C. Detora, Esq., appears pro se.

### Background

Applicant is the permittee of a 236-acre Resort Planned Unit Development ("the PUD") in the Town of Stowe, Vermont ("the Town"). The PUD is located in the Town's Agricultural & Rural Residential 3 district. At issue in this case is a 24-acre portion of the property consisting of Parcel 1 and Lots 21, 22, and 23. Parcel 1 consists of approximately 17 acres. Lots 21-23 consist of a total of 7 acres and abut Parcel 1. The lots are currently permitted for single-family residential development.

At the time of its original approval, the PUD was to include a 100-unit hotel on a 34-acre parcel identified as Parcel 1. In 1993, the Planning Commission approved an amendment to the PUD which reduced Parcel 1 from 34 acres to 17 acres. At the same time, the Board of Adjustment granted conditional use approval of a 21-unit hotel on Parcel 1, thus reducing the size of the proposed 100-unit hotel.

In 2010, Applicant submitted the current amendment application to the DRB. In its application, Applicant proposes to subdivide Parcel 1 into Lot 1A and Lot 1B. Lot 1A would consist of approximately 12 acres, bisected by a private road, to be used for a future hotel. Applicant proposes to merge Lot 1B with Lots 21, 22, and 23. Applicant then seeks to subdivide the resulting lot into 11 new lots to be used for residential purposes. Applicant does not

1

propose to amend the Resort PUD designation but plans to fulfill the requirements of a Resort PUD by eventually constructing a hotel on Lot 1A.

On March 1, 2011, the DRB denied Applicant's amendment application. Applicant then timely appealed the DRB's decision to this Court.

**Discussion**

In this on-the-record appeal, Applicant contends that the DRB erred by (1) finding that Applicant intends to reduce the hotel component of the Resort PUD; (2) finding that development on Parcel 1 is limited exclusively to a hotel; (3) applying what is commonly referred to as the Stowe Club Highlands analysis to Applicant's application; (4) failing to find, in its application of the Stowe Club Highlands analysis, that there were unforeseeable factual changes beyond Applicant's control; (5) declaring that if amendment approval was granted the proposed subdivision and merger would require phasing; and (6) stating that conditional use approval would be required to grant the amendment application.

For the reasons detailed below, we conclude that there is not substantial evidence in the record to support the DRB's factual findings that Applicant planned to reduce the hotel component of the Resort PUD and that development on Parcel 1 is limited exclusively to a hotel. Therefore, we conclude that the DRB should not have applied the Stowe Club Highlands analysis and we need not review its application of that analysis. Furthermore, as discussed below, we cannot consider whether phasing of the proposed project or conditional use approval are appropriate.

**I.    Standard of Review**

In an on-the-record appeal, our role as a tribunal reviewing the decisions of municipal panels is similar to that of the Vermont Supreme Court when reviewing appeals from administrative bodies. That is, we do not take new evidence or complete our own determination of the facts. Instead, we will uphold the DRB's factual findings if they are supported by substantial evidence in the record. See In re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568. We will review the DRB's legal conclusions without deference unless such conclusions are within the DRB's area of expertise. Id.

2

**II.** **Reduction of the Hotel Component**

Applicant argues that the DRB erred by finding that Applicant plans to reduce the size of the hotel component of the Resort PUD by its proposed subdivision and subsequent merger. Our review of the record indicates that this finding is not supported by substantial evidence.

Although the pending application seeks to decrease the acreage of Parcel 1 dedicated to the hotel, approval of the application will not reduce the actual hotel component of the project. In 1993, Applicant obtained conditional use approval for a 21-unit hotel. Applicant's current proposal also includes a 21-unit hotel. The site plans indicate that the hotel is to be constructed in precisely the same footprint as the hotel approved in 1993. (CSP2 Site Plan for Proposed Subdivision, Printed Case 145, filed Oct. 6, 2011; SP2 1992 Site Plan for Parcel 1, Record 56, filed Apr. 25, 2011). There is no evidence in the record to suggest that the construction of additional residences would so limit Applicant's density that it would be unable to construct the hotel as planned. Accordingly, the DRB's finding that Applicant's proposed amendment would reduce the size of the hotel component is not supported by substantial evidence in the record.

**III.** **Permit Condition Requiring Exclusive Development of a Hotel**

Applicant next contends that the DRB erred by finding that the permit contained a condition that development on Parcel 1 be limited exclusively to a hotel. We agree.

While a zoning board is not required to explicitly state that a landowner must comply with the legal requirements within an applicable district, discretionary permit conditions must be stated explicitly. In re Stowe Club Highlands, 164 Vt. 272, 276 (1995). Conditions not stated in a zoning or subdivision permit cannot be imposed on the permittee. In re Kostenblatt, 161 Vt. 292, 299 (1994) (finding that the municipal panel could not enforce requirements that were not express conditions of a conditional use permit); see also In re Farrell & Desautels, Inc., 135 Vt. 614, 617 (1978) (vacating trial court's denial of a building permit after finding that a developer's representation was not made a condition of the building permit).

Here, the DRB determined that Applicant's permit contained a condition restricting development on Parcel 1 to a hotel. In re Stowe Highlands Merger/Subdivision Application, Findings of Fact & Conclusions of Law, at 5 (Town of Stowe Dev. Review Bd. Mar. 1, 2011). However, there is not substantial evidence in the record to indicate that this requirement was ever explicitly imposed as a condition of Applicant's Resort PUD approval. Although the site plan for the proposed 1993 development clearly indicates a hotel on Parcel 1, nothing in the

3

plan specifically limits the development of Parcel 1 to that hotel or restricts development elsewhere on Parcel 1. (See SP2 Site Plan for Parcel 1, Record 56, filed Apr. 25, 2011). While the 2000 Project Memo does refer to a 21-unit hotel on Parcel 1, nowhere does it restrict development of that parcel to only a hotel. (Project Memo, Printed Case 68, filed Oct. 6, 2011).

In support of its determination, the DRB found that Applicant did not propose any other development on Parcel 1 prior to 2002. In re Stowe Highlands Merger/Subdivision Application, Findings of Fact & Conclusions of Law, at 4 (Town of Stowe Dev. Review Bd. Mar. 1, 2011). However, even if Applicant did not propose anything other than a hotel, it does not follow that a hotel, exclusive to other uses, was a condition of Applicant's Resort PUD approval. Our Court has previously addressed this situation in In re Deerfield Valley Transit Assoc. Warming Hut, No. 177-7-06, slip op. at 7-8 (Vt. Envtl. Ct. Apr. 5, 2007)(Durkin, J.). In Deerfield Valley, the applicant sought a 2004 amendment to a pre-existing PUD permit in order to expand a warming hut serving its bus drivers. Id. at 2. At the time of its amendment application, the applicant did not discuss the existence or nonexistence of sewage facilities. Id. Two years later, when the applicant applied for another amendment to expand the warming hut to also include a portable toilet, the Town of Dover argued that when the applicant sought the 2004 permit amendment, the applicant represented that no sewage facilities were planned. Id. at 8, n.8. The Court determined that there was no evidence that the 2004 permit amendment approval was conditioned on an absence of sewage facilities. Id. at 7-8. The Court stated that such a finding "would be like holding a homeowner to his original representation that his home would have only one bathroom, thus prohibiting further expansion." Id. at 8, n.8. The Court determined that "[i]n the absence of a specific permit condition on which approval of an existing permit depended," it could not "employ such a draconian interpretation of Stowe Club." Id.

Similarly, it would be nonsensical here to require that Applicant restrict development on Parcel 1 to a hotel simply because it did not propose any other potential development of the property at the time of its first permit amendment application. We would be remiss to needlessly restrict Applicant's further development of its property based only on the fact that nothing other than a hotel was originally represented.

Therefore, the DRB's finding that a permit condition limited development on Parcel 1 exclusively to a hotel is not supported by substantial evidence in the record.

**IV.	Stowe Club Highlands Analysis Does Not Apply**

The Stowe Club Highlands analysis was developed by the Vermont Supreme Court in its decision entitled In re Stowe Club Highlands, 166 Vt. 33 (1996). It is a proper procedural vehicle for municipal panels, and this Court in hearing appeals from municipal panels, to determine whether certain permit amendments should be allowed. See In re Ledgewood Condo PUD CU Amendment Application, No. 150-7-07 Vtec, slip op. at 8 (Vt. Envtl. Ct. Aug. 26, 2008) (Durkin, J.) (applying the Stowe Club Highlands analysis in the municipal context). The doctrine effectively balances a need for finality with enough flexibility to cope with changes in law or circumstances. See, e.g., In re Stowe Club Highlands, 166 Vt. 33, 38 (1996); In re Appeal of Hildebrand, No. 228-12-04 Vtec, slip op. at 5-6 (Vt. Envtl. Ct. Oct. 13, 2005) (Durkin, J.), aff'd, 2007 VT 5, 181 Vt. 568 (mem.).

Not all permit amendment applications will trigger the Stowe Club Highlands analysis, however. In re Deerfield Valley Transit Assoc. Warming Hut, No. 177-7-06, slip op. at 7 (citing Hildebrand, slip op. at 501-02). The doctrine applies only when an applicant is proposing to change a prior permit condition. Id.

As discussed above, there is not substantial evidence in the record to indicate that Applicant's proposal will reduce the hotel component of the Resort PUD, or to support the finding that the permit contains a condition that Parcel 1 be developed exclusively with a hotel. As such, Applicant does not seek to change a permit condition. In the absence of a change in permit conditions, the DRB erred by applying the Stowe Club Highlands analysis. Accordingly, we need not consider whether there was a foreseeable change in factual conditions beyond Applicant's control as required by Stowe Club Highlands.

Remand is necessary in this on-the-record proceeding because the DRB decided that the permit amendment application failed the Stowe Club Highlands test as a threshold issue. Having found that the application failed the Stowe Club Highlands test, the DRB did not review the application on the merits. Thus, we must remand the case to the DRB to evaluate Applicant's proposal on the merits without considering Stowe Club Highlands.

**V.	Phasing**

Applicant next contends that the DRB erred by determining that if the permit was granted, the subdivision and merger would require phasing to ensure that a hotel was constructed before the construction of additional residences. In its decision, however, the DRB

did not impose a phasing schedule. Until the DRB actually imposes such a schedule, the question of whether it is permitted to do so is hypothetical, and any conclusion we might reach would be advisory. Advisory opinions are outside our jurisdictional power. See, e.g., In re Appeal of 232511 Invs., Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409. Accordingly, we decline to address this issue.[1]

## VI. Conditional Use Review

Finally, Applicant contends that the DRB erred by stating that conditional use review would be required in order for the permit to be granted. However, Applicant did not raise this issue in its Statement of Questions, and therefore it is not before us on appeal. See V.R.E.C.P. Rule 5(f) ("The appellant may not raise any question on the appeal not presented in the statement [of questions] as filed . . . .").

## Conclusion

For the reasons detailed above, we conclude that the DRB's finding that Applicant's proposal will reduce the hotel component of the Resort PUD is not supported by substantial evidence in the record. Nor is there substantial evidence in the record to support the DRB's finding that Applicant's permit contained an implied condition requiring that development on Parcel 1 be limited exclusively to a hotel. Accordingly, we conclude that the DRB incorrectly employed the Stowe Club Highlands analysis.

We therefore **VACATE** the DRB's decision and **REMAND** the case to the DRB to conduct a specific review of the merits of Applicant's permit amendment application without employing Stowe Club Highlands. We decline to determine whether the DRB may impose phasing or must engage in conditional use review.

Done at Berlin, Vermont this 15th day of February, 2012.

_____
Thomas G. Walsh,
Environmental Judge

---

[1] We are mindful of Applicant's contention at oral argument that interests in judicial efficiency and economy require us to determine the phasing issue on appeal. Even with these interests in mind, however, we decline to issue an impermissible advisory opinion.