STATE OF VERMONT
ENVIRONMENTAL COURT

|   |   |   |
|---|---|---|
| **In re Appeal of Van Nostrand** | } }  } } | **Docket No. 209-11-04 Vtec** **Docket No. 101-5-05 Vtec** |

## Judgment Order

These consolidated appeals were heard during a two day <u>de novo</u> merits hearing, conducted on July 16 and 30, 2009,[1] at the Mahady Courthouse in Middlebury, Vermont, Thomas S. Durkin, Environmental Judge, presiding. These two dockets had previously been consolidated for trial; Docket No. 209-11-04 Vtec concerns an appeal by Applicants Ronald C. and Elizabeth M. Van Nostrand ("Applicants") from the decision by the Town of Salisbury Development Review Board ("DRB"), reversing the Town of Salisbury Zoning Administrator's approval of their application for a zoning permit to construct a four‑bedroom, single‑family residence on their 24± acre parcel. The second appeal, Docket No. 101–5–05 Vtec, concerns the Applicants' appeal from the DRB's decision to deny Applicants a variance from the right-of-way minimum width requirement of § 502 of the Salisbury Zoning Regulations ("Regulations").

These proceedings have a uniquely long history in our judicial system. The primary dispute involves an access road serving Applicants' landlocked parcel near the westerly shores of Lake Dunmore. Applicants also own a parcel of land with road frontage that abuts their land-locked parcel. The access to their rear parcel first runs across their front parcel, but then for a length of about forty-five feet, travels over a corner of an abutting parcel, owned by Linda Nordlund ("Neighbor").

Neighbor opposed Applicants' requests for a variance and zoning permit. In fact, the parties disputed the very existence and width of the forty-five foot long portion of the easement that encumbers Neighbor's property and benefits Applicants' rear, landlocked parcel. A decision by the Addison Superior Court, affirmed by the Vermont Supreme Court, confirmed that an easement, eighteen-feet in width, existed over Neighbor's property. <u>Nordlund v. Van Nostrand,</u>

---

[1] The two-day trial had originally been scheduled for July 16–17, 2009. However, after those trial days had been set, the Supreme Court was required to extend the practice of scheduling monthly furlough days for all state courts. The furlough day scheduled for July happened to fall on July 17th. The Environmental Court thereafter rescheduled the second day of trial for July 30th.

No. 56-3-06 Ancv (Ad. Sup. Ct. Dec. 14, 2006) (Katz, J.), aff'd., No.2007-027, ___ Vt. ___, 933 A.2d 255 (Aug. 17, 2007) (unreported mem.).

The width of the once disputed easement is essential to the first issue before our Court. If a landlocked parcel is to be developed, the Town of Salisbury Zoning Regulations once required the parcel to be served by a right-of-way of no less than twenty feet in width. The Regulations were subsequently amended to increase the minimum right-of-way width to fifty feet. Compare Regulations § 502 (2000) to Regulations § 502(2004).

This Court previously ruled that Applicants had received authority to use the undersized right-of-way by virtue of a subdivision permit issued on April 4, 2000.[2] As a consequence of this determination, this Court ruled that Applicants did not need a variance. In re Appeals of Van Nostrand, Nos. 209-11-04 Vtec and 101-5-05 Vtec (Vt. Envtl. Ct. Jan 13, 2006).

Neighbor appealed those determinations to the Vermont Supreme Court, which reversed and remanded the appeals back to this Court. In re Appeal of Van Nostrand, 2008 VT 77. The Supreme Court remand included a specific direction:

> We conclude, in sum, that the trial court incorrectly determined that the Van Nostrands were not required to demonstrate compliance with [the variance provisions] of the zoning regulations. Furthermore, inasmuch as it is undisputed that the right-of-way across the Nordlund lot does not exceed eighteen feet in width, it is equally clear that the proposed development cannot satisfy the regulations' minimum width requirement. Accordingly, the trial court judgment granting the zoning application for construction of a singly-family residence and septic system must be reversed. The trial court did not reach the appeal of the Van Nostrands' application for a variance from this width requirement, and the case is therefore remanded for this limited purpose.

Id. at ¶14.

While these proceedings were pending, Applicants sought to begin the development of their landlocked parcel. To do so, they designed an alternate access road that traveled entirely over their front parcel. Once a zoning permit was issued for this alternate access, referred to at trial as "Option B", Applicants constructed this alternate access and began to build a single-family residence on their landlocked parcel. Applicants believed, however, that the first access road, using the court-approved easement over Neighbor's property, referred to at trial as "Option A", was safer and more accessible than the "Option B" access. So, Applicants gave notice that

---

[2] At the time that the Town of Salisbury Zoning Administrator issued the 2000 subdivision permit, the parties had not yet adjudicated the width of the easement as it traversed Neighbor's property. The subdivision applicant (a predecessor in title to Applicants here) asserted that he believed the easement to exceed twenty feet.

they wished to pursue the variance and zoning permit, which were the subject of the Vermont Supreme Court's remand of Docket Nos. 209-11-04 Vtec and 101-5-05 Vtec.

Pursuant to the remand, Applicants' request for a variance and the consequential zoning permit was the "limited purpose" for which we conducted a second merits hearing in these proceedings. Id. The first day of trial was taken up with the evidence presented by Applicants in their case-in-chief. In the intervening time between the days of trial, Neighbor filed a motion for judgment as a matter of law; Applicants filed their response six days later, at the start of the second day of trial on July 30, 2009.

We regard a motion for judgment as a matter of law, taken at the close of an applicant's case-in-chief, as only appropriate when "there is 'no legally sufficient evidentiary basis . . . to find for [the nonmoving] party.'" In re Chittenden Solid Waste District, 2007 VT 28, ¶13 (quoting V.R.C.P. 50(a)(1).[3]

In determining whether Applicants are entitled to their requested variance, the Court is guided by 24 V.S.A. § 4469(a), which provides the five criteria an applicant must fulfill to obtain a variance. As our Supreme Court has emphasized, an applicant must fulfill each and every one of these five variance criteria, the overriding theme of which is that an applicant must show that development of the parcel cannot be accomplished in strict conformity with the applicable zoning provisions. See In re Mutschler, Canning and Wilkins, 2006 VT 43. Where property can be used without deviation from that which is permitted by a zoning ordinance, the requested variance must be denied, even when it would afford a more convenient or profitable use of the property. Id. at ¶ 11.

With this understanding of the law concerning variances in mind, the Court allowed the parties to offer additional arguments for and against the motion pending at the start of the second day of trial on July 30th. After those arguments, the court took a brief recess to deliberate, then announced its decision on the record of the hearing.

Taking the evidence in a light most favorable to Applicants, solely for purposes of the pending motion, the Court announced that there was a sufficient factual foundation to conclude that Applicants could fulfill subsections (1), (3) and (4) of 24 V.S.A. § 4469(a), but that there was not a sufficient factual foundation, even when viewed in a most favorable light, to conclude

---

[3] V.R.C.P. 50 applies only to trials before a jury. We apply it here by analogy, in response to Neighbor's motion for judgment as a matter of law after the close of Applicants' case-in-chief.

3

that Applicants could fulfill subsections (2) or (5) of § 4469(a). Specifically, the Court concluded that Applicants had failed to show that the property could not be developed in strict conformity with the zoning regulations, thereby failing to meet subsection (2). 24 V.S.A. § 4469(a)(2). It also concluded that their request for a variance from the minimum right-of-way width of Regulations § 502 did not represent "the minimum variance that will afford relief" or "the least deviation possible from the" zoning regulations, thereby failing to meet subsection (5). 24 V.S.A. § 4469(a)(5).

As a consequence of these determinations, the Court concluded that Applicants failed to show that they were entitled to a variance, even when viewing the evidence in a light most favorable to them. The Court therefore noted on the record that Neighbor's motion for judgment as a matter of law must be **GRANTED** and the variance application which was the subject of Docket No. 101-5-05 Vtec must be **DENIED**. Without that variance approval, the zoning permit application which was the subject of Docket No. 209-11-04 Vtec must be **DENIED** as well.

Because the parties and the Court spent a tremendous amount of time discussing the existence of and implications from the "Option A" right-of-way, a portion of which passed over Neighbor's abutting lands, the Court noted from the bench that it does not have the jurisdictional authority in these land use appeal proceedings to determine the nature and limits of the use and enjoyment by either party of their respective properties, "including easements that encumber or benefit those properties."

After the July 30, 2009 merits hearing, Neighbor filed a "Request for Clarification of the Scope of the Court's Decision," seeking an affirmation from the Court that nothing in its decision announced from the bench prohibited Neighbors from bringing subsequent actions to challenge Applicants' use of the easement over Neighbor's property. Applicants responded to Neighbor's Request by asserting several reasons why Neighbor was estopped from commencing other actions, including that the Supreme Court had already affirmed the Addison Superior Court's acknowledgement of Applicants' easement. In response to Neighbor's request, we restate that our jurisdictional authority in these variance and zoning permit appeals is limited. The Court does not have the authority to adjudicate any rights or limitations upon the easement that the parties apparently continue to contest. We hope and expect that these neighbors will continue to attempt to exhaust all reasonable avenues for resolving their land use disputes.

4

In summary, and for all the reasons provided in more detail above and on the record of the last day of trial, we conclude that Applicants' variance and zoning permit applications that were the subject of these appeals must be **DENIED**.

This completes the current proceedings pending before this Court in both appeals.

Done at Berlin, Vermont this 21st day of October, 2009.

_____
Thomas S. Durkin, Environmental Judge