**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| | } | |
| In re Saladino Conditional Use Application | } | Docket No. 223-11-09 Vtec |
| | } | |

**************************************************************************

| | | |
|---|---|---|
| | } | |
| In re Saladino Site Plan Application | } | Docket No. 224-11-09 Vtec |
| | } | |

## Decision on Multiple Motions

Peter J. Saladino, III, as executor of the estate of his late father, Peter J. Saladino, Jr.,[1] seeks permit approval to improve an existing apartment building located at 311 North Main Street in Bradford, Vermont, so as to change its use from a three-unit to four-unit residential structure. To receive such approval under the Town of Bradford Zoning Bylaws ("Bylaws"), Mr. Saladino submitted an application to receive both conditional use approval from the Town of Bradford Planning Commission ("Planning Commission") and site plan approval from the Town of Bradford Zoning Board of Adjustment ("ZBA"). When both the Planning Commission and the ZBA granted the requested approvals, neighbors Karen Foley and Johannes Swarts ("Neighbors") filed timely appeals of each determination with this Court.

Applicant and Neighbors represent themselves in these proceedings, as do two other interested persons: Lois Wright and Susan Bradford ("Interested Parties"). The Town of Bradford ("Town") has also entered an appearance in this appeal; it is represented by Paul S. Gillies, Esq.

Currently pending before the Court are four motions filed by Applicant. Applicant first filed two motions to dismiss, seeking dismissal of every question posed in the Statement of Questions in each of the two appeals. Applicant then filed two motions for summary judgment, essentially elaborating on the same arguments previously raised in his motions to dismiss. The Town has also moved for partial summary judgment, contending that certain issues raised in Neighbors' appeals warrant summary judgment in favor of Applicant, but noting that some of the issues are most appropriately resolved at trial. Neighbors oppose all pending motions.

---

[1] As executor of his father's estate, Peter J. Saladino, III, is responsible for the proper administration of the Estate and its assets, including the Estate's real and personal property. As of the filing of the pending application, equitable title to the subject property was held by the Estate. We hereinafter use the term "Applicant" as a reference to both the Executor and the Estate.

**Factual Background**

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. The Estate owns a parcel of land, including site improvements and a building, located at 311 North Main Street in the Village Residential Zoning District of Bradford, Vermont. The lot is also considered part of the Village Historic District.

2. Until the mid-1980s, the subject building was a mixed-use building that contained two residential apartments and various professional medical offices. After office use within the building came to an end, the decedent eventually sought permission to redevelop some of the abandoned office space into a residential apartment. In 2003, after an appeal to this Court, the decedent received conditional use approval to add a third residential apartment to the building. See Appeal of Foley, No. 284-12-02 Vtec (Vt. Envtl. Ct. Aug. 11, 2003) (Wright, J.). The building currently consists of three apartments and the remaining unused office space.

3. Appellants dispute the exact size of the Estate's lot. Applicant submitted a deed from 1891 that defines the lot as a parallelogram twenty-one rods long and eighty feet wide, or 27,720 square feet (0.636 acres). In the 2003 appeal, this Court relied on a tax map to determine that the lot was a parallelogram 343.1 feet deep and 78.5 feet wide, or 26,933 square feet (0.62 acres). Id. at 1. Neighbors contend that both the 1891 deed and the Court's 2003 determination are inaccurate; they have submitted evidence suggesting that the subject property may not be a parallelogram, but they offer no alternate estimate of the size of the Estate's lot.

4. On September 15, 2009, Applicant submitted an application for site plan and conditional use approval to renovate the building's remaining office into a fourth apartment.

5. No exterior renovations or expansions are proposed to the Estate's building. All renovations to accommodate the fourth apartment will occur within the building.

6. The Planning Commission held a public hearing on Applicant's site plan application on October 13, 2009, and ultimately granted Applicant site plan approval by written decision on October 14, 2009. The ZBA likewise granted Applicant conditional use approval by written decision on October 14, 2009, after holding a duly warned public hearing.

7. Neighbors own property adjacent to the Estate's lot.

8. On November 10, 2009, Neighbors filed a timely appeal of both determinations with this Court. The conditional use appeal is the subject of Docket No. 223-11-09 Vtec and the site plan appeal is the subject of Docket No. 224-11-09 Vtec.

## Discussion

Applicant seeks approval to convert unused office space into a residential apartment in order to add a fourth unit to the Estate's three-unit apartment building on Main Street in Bradford. Neighbors oppose Applicant's efforts and have argued in these two appeals that Applicant deserves neither site plan nor conditional use approval. Neighbors have filed a Statement of Questions in each of the Docketed appeals,[2] asking generally whether Applicant has filed a complete application and otherwise complied with all the Bylaws concerning site plan and conditional use review. Neighbors also present specific questions concerning the layout and sufficiency of off-street parking, landscaping, and refuse storage and disposal. Finally, Neighbors ask whether Applicant's lot is undersized for a four-unit apartment building in the Village Residential Zoning District.

While Applicant has moved to dismiss all the issues presented in Neighbors' two appeals, Applicant has also moved for summary judgment on those same issues. Thus, we review all legal arguments raised in Applicant's pending motions under the standards applicable to motions for summary judgment. See V.R.C.P. 12(b) (explaining that a motion to dismiss may be treated as one for summary judgment and disposed of according to V.R.C.P. 56).[3] As we have consistently noted, "summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Stamp Tech, Inc. ex rel. Blair v. Ludall/Thermal Acoustical, Inc., 2009 VT 91, ¶ 11 (citations omitted); see also V.R.C.P. 56(c)(3). In determining whether a genuine issue of fact exists, we consider the entire record—including the affidavits, depositions, and similar materials on file—in a light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable doubts and inferences. Stamp Tech, 2009 VT 91, ¶ 11 (citations omitted). We review the pending motions with these standards in mind.

Applicant makes three principle arguments in his pending motions. First, Applicant maintains that his proposal includes all materials necessary for a complete application. He adds

---

[2] Appellants filed a Statement of questions in each Docket, as is required by our procedural rules, specifically, V.R.E.C.P. 5(f). However, we note that the first two Questions from each Docket are identical; the third and final Question in Docket No. 223-11-09 Vtec is unique to the conditional use appeal; Questions 3 through 10 of Docket No. 224-11-09 Vtec are unique to the site plan appeal.

[3] Not only has the Court considered evidence outside the pleadings in reaching today's Decision, but all parties have had sufficient time to submit additional pleadings, and Applicant has authorized us to move forward with our resolution of the pending motions on a summary judgment basis. See Applicant's Request, filed with the Court on February 24, 2010.

that the Planning Commission and ZBA determined during the proceedings below that his proposal met the requirements for site plan and conditional use approval, thereby rendering Neighbors' appeal unwarranted. Finally, Applicant argues that Neighbors are precluded from disputing the size of the lot because the lot size was previously determined in the 2003 appeal to this Court involving the same property.

The Town has also filed a motion for summary judgment in support of some of Applicant's arguments. Specifically, it argues that the principle of claim preclusion prohibits Neighbors from raising in this appeal the lot-size issue previously resolved in 2003. However, although the Town agrees that Applicant has submitted a complete application for site plan and conditional use approval, the Town acknowledges that a merits hearing is necessary to determine whether the proposal satisfies all applicable Bylaws. We address in this Decision all arguments raised in the pending motions, starting first with the lot-size issue.

Applicant contends in his motion for summary judgment that Neighbors are precluded from asking whether the subject property is undersized for a four-unit apartment building in the Village Residential District. Applicant, who is supported on this issue by the Town, contends that the size of the lot has already been determined in the 2003 appeal to this Court. In the previous appeal involving a conditional use permit for three apartments on the same property, this Court determined that the lot was a parallelogram 343.1 feet deep and 78.5 feet wide, or 26,933 square feet (0.62 acres). Appeal of Foley, No. 284-12-02 Vtec, slip op. at 1 (Vt. Envtl. Ct. Aug. 11, 2003) (Wright, J.). Essentially, Applicant and the Town argue that the doctrine of issue preclusion (collateral estoppel) prohibits the Neighbors from relitigating the lot size.[4]

The doctrine of issue preclusion prevents relitigation of a factual or legal issue that was actually litigated in an earlier case and necessary to the resolution of the dispute. In re T.C., 2007 VT 115, ¶ 20, 182 Vt. 467 (citing Scott v. City of Newport, 2004 VT 64, ¶ 8, 177 Vt. 491

---

[4] While the Town argues that claim preclusion (res judicata) prohibits Neighbors from raising this issue, its argument is more accurately characterized as one of issue preclusion (collateral estoppel). Claim preclusion is unsuitable because it "will bar a subsequent action only if the court issued a final judgment in the previous action, and the parties, subject matter and causes of action are identical or substantially identical." State v. Pollander, 167 Vt. 301, 304 n.2 (1997) (quoting State v. Dann, 167 Vt. 119, 124–25 (1997)). "For the purposes of claim preclusion, two causes of action are the same if they can be supported by the same evidence." Dann, 167 Vt. at 125 (citing Hill v. Grandey, 132 Vt. 460, 463 (1974)).

In this case, Applicant's proposal to add a fourth apartment involves a different permit application requiring the presentation of different evidence than the prior application for three apartments. Thus, the claim preclusion doctrine does not apply. The Town's claim more aptly sounds in issue preclusion. "'For issue preclusion, identity of subject matter or causes of action is not required.' . . . The requirement is that the *issue* be the same in the two actions." Scott v. City of Newport, 2004 VT 64, ¶ 13, 177 Vt. 491 (quoting In re Cent. Vt. Pub. Serv. Corp., 172 Vt. 14, 20 (2001)).

4

(mem.)). The doctrine applies when all five of the following criteria are met: (1) preclusion is asserted against one who was a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same in both actions; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion is fair. Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265 (1990). For the reasons explained below, we conclude that Neighbors are not precluded by virtue of the 2003 appeal from arguing that the subject property is not a sufficient size to support four apartments.

Although lot size was discussed in the 2003 appeal, this Court's treatment and disposition of the issue is not sufficient to trigger issue preclusion in this appeal. In determining whether an issue is precluded in a subsequent litigation, we must "examine the first action and the treatment the issue received in it." State v. Pollander, 167 Vt. 301, 304 (1997) (quoting J. Cound, et al., Civil Procedure 1228 (6th ed.1993)). In the 2003 appeal, Applicant's father sought conditional use approval to provide three apartments on his property, a proposal that required a lot larger than 18,000 square feet to comply with the Bylaws. Bylaws § 3-7(E)(1). Based on the evidence provided at trial, the Court determined that the property was 26,933 square feet, well above the minimum requirement. Appeal of Foley, No. 284-12-02 Vtec, slip op. at 1 (Vt. Envtl. Ct. Aug. 11, 2003) (Wright, J.). While the Court announced a lot size, calculating the exact square-footage was not essential to establish compliance with the Bylaws; the lot was clearly larger than 18,000 square feet. The Court merely declared a size based on the undisputed evidence presented at trial. Because the determination was not essential to the resolution, issue preclusion does not apply—it only "estops a party from relitigating 'those issues necessarily and essentially determined' in prior litigation." Pollander, 167 Vt. at 304 n.2 (quoting Land Inv., Inc. v. Battleground Assocs., 138 Vt. 316, 326 (1980)).

Even further, it would be unfair to foreclose Neighbors from challenging the exact size of the subject lot in this appeal. "In deciding whether issue preclusion is appropriate, we balance our desire not to deprive a litigant of an adequate day in court against a desire to prevent repetitious litigation of what is essentially the same dispute." Stevens v. Stearns, 2003 VT 74, ¶ 13, 175 Vt. 428 (internal quotations and citations omitted). Here, the balance tips against issue preclusion because its application would deprive Neighbors an opportunity to litigate whether the subject property exceeds the 26,000 square feet necessary to support a fourth apartment, an issue that did not arise in the previous appeal. We therefore **DENY** Applicant and Town summary judgment on this issue and conclude that Neighbors are not prohibited by the doctrine of issue

5

preclusion from arguing that the subject property is undersized for a four-unit apartment building.

Although Neighbors are not precluded from challenging the lot size, our authority to resolve any dispute is limited. This Court is not vested with the jurisdiction to adjudicate disputes concerning the various rights to real property. As a result, when presented with an issue involving the rights to a property on which development is proposed, our analysis is constrained: we are only charged with determining whether an applicant has met a threshold burden of producing some evidence of his legal interest and right in the property to be developed. In re Leiter Subdivision Permit, No. 85-4-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin, J.); Appeal of Van Nostrand, Nos. 209-11-04 Vtec & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.), rev'd on other grounds, 2008 VT 77, 184 Vt. 557; Appeal of Bowman, No. 70-5-90 Vtec, slip op. at 8–9 (Vt. Envtl. Ct., June 21, 2005) (Wright, J.).

In land use proceedings appealed to this Court, such as the subject appeals, an applicant is required to provide competent evidence of the property dimensions. An opposing party may successfully rebut this initial showing by demonstrating that an applicant has relinquished rights in the property, but any further claims to title, or claims attacking the same, including boundary disputes, are outside this Court's limited subject matter jurisdiction and must therefore be presented to the appropriate Superior Court for adjudication. Van Nostrand, Nos. 209-11-04 Vtec & 101-5-05 Vtec, slip op. at 4–5; Harvey & Symmes Final Plat Approval, No. 96-5-05 Vtec, slip op. at 5 (Sept. 29, 2005) (Durkin, J.).

In this case, Applicant has met his initial threshold burden: he submitted an 1891 deed to the subject lot that indicates it is twenty-one rods long and eighty feet wide, or 27,720 square feet (0.636 acres).[5] Although Neighbors dispute the shape of the subject parcel, they do not explicitly provide an alternate lot size, and they do not assert that Applicant has relinquished ownership to any portion of the subject property. They argue that the property is not a parallelogram and the boundaries may not be as Applicant has represented, but they provide us with no specific factual foundation for concluding that the lot does not meet the minimum size requirement to host a building with four residential apartments. As explained above, this is not sufficient to rebut Applicant's threshold showing.

---

[5] This generally comports with the Court's previous determination that the lot is 343.1 feet deep and 78.5 feet wide, or 26,933 square feet (0.62 acres). Appeal of Foley, No. 284-12-02 Vtec, slip op. at 1 (Vt. Envtl. Ct. Aug. 11, 2003) (Wright, J.).

If Neighbors have a genuine dispute concerning the boundaries of the lot, they must resolve this dispute in a court of competent jurisdiction. Our jurisdictional authority limits our inquiry to an applicant's threshold showing of ownership, control, and estimated size; nothing Appellants have presented refutes the threshold representations Applicant has made. For these reasons, even when viewing the facts in a light most favorable to Neighbors, we conclude that Applicant has adequately demonstrated for the purposes of these proceedings that his lot contains more than 26,000 square feet and is sufficient in size to host a four-unit apartment building. We find no Bylaw provision that requires Applicant to present a professional survey to make such a showing. We therefore **GRANT** Applicant summary judgment on Questions 2 and 3 in Docket No. 223-11-09 Vtec (conditional use) and Question 2 in Docket No. 224-11-09 Vtec (site plan).

Turning to the second argument raised in Applicant's pending motions, we are called to determine whether Applicant has filed a complete application for conditional use and site plan approval. Applicant seeks a summary ruling that he has filed a complete application, which, according to the Bylaws, "shall include submission of the following plans to the [ZBA] or Planning Commission, as appropriate:" a map of the location and surrounding properties; a development schedule; a detailed site plan that identifies, among other things, signs and landscaping; and a number of other documents. See Bylaws § 6-8(A)–(I). Neighbors contend that Applicant has failed to file all the prescribed documents and has therefore failed to file a complete application. They request the matter be remanded to the Planning Commission and ZBA for review of a completed application.

We conclude that Applicant has filed a complete application and therefore decline to grant Neighbors their requested relief. By its plain language, Bylaws § 6-8 only requires the prescribed documents be submitted "as appropriate." Bylaws § 6-8. This is a low burden, particularly where, as here, an applicant seeks to expand a previously approved use and does not propose substantial site work. A failure to submit each and every document listed in § 6-8 does not necessitate a finding that an application is incomplete. Thus, where an application merely seeks approval to add a fourth residential apartment to a building already approved for three apartments, we interpret this provision to require Applicant to provide sufficient documentation to enable a complete review of whether the proposed expanded use complies with the site plan standards outlined in Bylaws § 6-12 and the conditional use standards outlined in Bylaws § 6-4.

The record currently before the Court includes Applicant's permit application and site plan sketch. Even when viewing the facts in a light most favorable to Neighbors, we conclude

that Applicant has fulfilled his initial burden of providing sufficient documentation to enable a thorough assessment of the proposal's compliance with Bylaws §§ 6-4 and 6-12. Accordingly, we **GRANT** Applicant summary judgment to the extent that Neighbors challenge the completeness of his application for site plan and conditional use approval. As we explain below, however, while we have concluded that the Applicant has provided a complete application, we also conclude that a trial on the merits is necessary to determine whether Applicant's proposal complies with all applicable Bylaws.

We specifically reject Applicant's argument that a trial is unnecessary because the Planning Commission and the ZBA granted Applicant site plan and conditional use approval after determining that his proposal satisfies all the applicable Bylaws. In making his argument, Applicant misunderstands the effect of a <u>de novo</u> appeal to this Court. It is the Court's responsibility in this <u>de novo</u> appeal to independently determine whether Applicant's application meets the requirements of the Bylaws. We review the application and supporting materials anew, as if no proceedings have taken place before the ZBA or Planning Commission. <u>In re Killington, Ltd.</u>, 159 Vt. 206, 214 (1992) (citing <u>In re Green Peak Estates</u>, 154 Vt. 363, 372 (1990)). In that sense, the municipal panel's conclusions are irrelevant to our examination of the issues on appeal. We therefore **DENY** Applicant summary judgment to the extent that he contends Neighbors are precluded from appealing the issues addressed by the ZBA and the Planning Commission.

We also reject Applicant's argument that summary judgment is warranted on the issues presented in Neighbors Statement of Questions regarding refuse storage, landscaping design, the layout of off-street parking, and outdoor lighting. Contrary to Applicant's belief that these are not necessary elements of a site plan, the Bylaws require a review of these considerations and objectives in the course of site plan review. Bylaws § 6-12(B)–(D). The Bylaws also authorize the Planning Commission to impose conditions and safeguards during site plan approval to ensure the fulfillment of these considerations and objectives. Bylaws § 6-12(C). On appeal, we have that same authority and responsibility, since our power in a <u>de novo</u> appeal "is as broad as the powers of a zoning board of adjustment or a planning commission." <u>In re Torres</u>, 154 Vt. 233, 235–36 (1990). We therefore have the same power to impose conditions related to parking layout, landscaping design, access management, and lighting. While the considerations to be addressed by the current proposal to increase the use of Applicant's building to four residential apartments may be similar to the prior review of the subject property hosting three apartments,

they are not identical. Due to the dispute of material facts presented, a trial appears to be the most efficient vehicle to complete that review.

One example of the dispute that exists as to material facts concerns the adequacy of Applicant's plans for off-street parking and refuse storage. The Bylaws require consideration of such impacts by noting that any building "erected, altered, [or] extended" must have sufficient off-street parking. Bylaws § 5-6. Specifically, two parking spaces, each 200 square feet, must be provided for every dwelling unit. Bylaws § 5-6(A). To comply with the Bylaws, Applicant's proposal must therefore ensure that eight parking spaces, each 200 square feet, are available on the subject lot.

The Bylaws also make clear that all multiple-family dwellings altered or extended are required to provide "a designated location and facility for the storage of refuse generated from the use." Bylaws § 5-7. To satisfy the Bylaws, Applicant must provide a specific plan for the number, style, and location of the refuse-storage facilities, all of which must be screened from neighbors and accessible by refuse trucks. Bylaws § 5-7(A)–(E). We therefore **DENY** Applicant summary judgment to the extent that he argues that issues of refuse storage, landscaping design, the layout of off-street parking, and outdoor lighting for the expanded residential apartment structure are beyond the scope of this appeal.

Accordingly, a trial on the merits is necessary to resolve the remaining issues concerning Applicant's compliance with the Bylaws. In the site plan appeal in Docket No. 224-11-09 Vtec, a trial is necessary to assess compliance with Bylaws § 6-12, which requires consideration of a number of objectives, including access management standards to ensure safe vehicular and pedestrian circulation, as well as landscaping and screening to ensure compatibility with surrounding land uses. See Bylaws § 6-12(B)–(D). Neighbors have identified in their Statement of Questions which aspects of Applicant's site plan are of specific concern in this appeal. Also implicated by Neighbors Statement of Questions are issues over off-street parking and refuse storage, which are subject to Bylaws §§ 5-6 and 5-7. The trial involving Docket No. 224-11-09 Vtec will therefore be limited to the aspects of the proposal identified in the Statement of Questions and subject to review under Bylaws §§ 5-6, 5-7, and 6-12(B)–(D).

In the conditional use appeal in Docket No. 223-11-09 Vtec, a trial is necessary to determine Applicant's compliance with Bylaws § 6-4. This review will involve examining whether the proposal will adversely affect the capacity of existing or planned community facilities, the character of the area, traffic on area roads, the zoning bylaws, and utilization of

renewable energy resources.   Bylaws § 6-4(A)–(E).   However, unlike the site plan appeal, Neighbors do not further elaborate in the Statement of Questions as to where Applicant's proposal is in conflict with the applicable conditional use provisions.  Our review at trial of the conditional use standards will therefore be limited to the specific challenges raised by Appellants.

### Conclusion

For all of the reasons more fully discussed above, we convert Applicant's motions to dismiss into motions for summary judgment and **GRANT** Applicant and the Town summary judgment on Questions 2 and 3 in Docket No. 223-11-09 Vtec and Question 2 in Docket No. 224-11-09 Vtec.  In so doing, we conclude that Applicant does not need a professional survey to establish the exact estimated size of the subject lot and that Applicant has met his initial burden of demonstrating that his lot is of a sufficient size; this Court is without jurisdiction to resolve any further lot size or boundary disputes.  We also **GRANT** Applicant summary judgment to the extent that Neighbors challenged the completeness of Applicant's application.

In addition, we **DENY** Applicant summary judgment on Questions 1 and 3–10 in Docket No. 224-11-09 Vtec and Question 1 in Docket No. 223-11-09 Vtec.  In so doing, we conclude that a trial is necessary to determine whether Applicant's proposal complies with the applicable Bylaws referenced in Appellants' remaining Statement of Questions.

A pretrial telephone conference will be scheduled with the Case Manager to discuss the possibility of mediation and, if necessary, to determine the scheduling of trial.  The Court requests that the parties confer, so that they may be prepared to discuss at that conference these and any other anticipated issues.

Done at Berlin, Vermont, this 1st day of June 2010.


_____
Thomas S. Durkin, Environmental Judge