Vermont Superior Court
Environmental Division
State of Vermont

================================================================================
E N T R Y   R E G A R D I N G   M O T I O N
================================================================================

Linda C. Nordlund                               Docket No. 42-3-10 Vtec

        v.

Elizabeth M. Van Nostrand; Elizabeth M. Van Nostrand 2007 Trust; Mark L.
    Van Nostrand and Nancy A. Van Nostrand

    (private enforcement action of municipal zoning proceedings)

Title: Motions for Summary Judgment, (Filing Nos. 4 & 5)

Filed:      May 28, 2010 and June 1, 2010

Filed By: James C. Foley, Jr., Attorney for Defendants Elizabeth M. Van
          Nostrand and the Elizabeth M. Van Nostrand 2007 Trust, and Defendants
          Mark L. and Nancy A. Van Nostrand, representing themselves

Response in Opposition filed on 06/28/10 by Karl W. Neuse, Attorney for
          Plaintiff Linda C. Nordlund


 _x_ Granted              ___ Denied                ___ Other

        Plaintiff Linda Nordlund filed this action under 24 V.S.A. § 4470(b) to
enforce a judgment order of this Court.  In response, Defendants Mark and Nancy
Van Nostrand and Elizabeth Van Nostrand, both in her personal capacity and in
her capacity as trustee of the Elizabeth M. Van Nostrand 2007 Trust, have filed
Answers,[1] Counterclaims, and motions for summary judgment as to all of
Plaintiff's claims against all Defendants.[2]   Plaintiff has responded in
opposition to both of the motions filed by Defendants and Elizabeth Van
Nostrand, in both capacities, has replied in opposition.  This Entry Order
addresses Defendants' respective claims that Plaintiff's Complaint against them
should be dismissed; a companion Entry Order addresses Plaintiff's separate
motion to dismiss Defendants' counterclaims.

### Factual Background

        For the sole purpose of putting the pending motions into context we
recite the following facts, which we understand to be undisputed unless noted
otherwise:

1.  Plaintiff, Linda Nordlund, owns property on West Shore Road in Salisbury,
Vermont.   Defendant Elizabeth Van Nostrand owns and resides on a 1.1± acre

---

[1] Although Defendants are referred to collectively, we note here that Defendant Elizabeth Van Nostrand and Defendants Mark and Nancy Van Nostrand have separate interests and, at times, separate defenses. We address in this Entry Order all arguments relevant to the claims raised by Plaintiff in her Complaint.

[2] Elizabeth Van Nostrand, in both her individual and Trustee capacity, is represented in this enforcement proceeding by Attorney James C. Foley, Jr. Attorney Foley filed a motion for summary judgment on behalf of Mrs. Van Nostrand on May 28, 2010, seeking dismissal of all of Plaintiff's claims against his client. On June 1, 2010, Mark and Nancy Van Nostrand, who represent themselves, filed their own summary judgment motion, seeking dismissal of all of Plaintiff's claims against them. Each of Defendants' respective filings was supported by statements of undisputed facts. By filings received June 25, 2010, Plaintiff responded to both sets of summary judgments motions and statements of undisputed facts.

parcel (the "front parcel") immediately north of Plaintiff's property. Defendants Mark and Nancy Van Nostrand own and reside on a 24± acre parcel (the "back parcel") which is separated from West Shore Road by Plaintiff's parcel and the front parcel.

2.     Both the front and back parcels were once owned jointly by Ronald and Elizabeth Van Nostrand. In September 2007, Ronald Van Nostrand conveyed his interest in the parcels to Elizabeth Van Nostrand. Elizabeth Van Nostrand transferred her interest in the front parcel to herself, as trustee of the Elizabeth M. Van Nostrand 2007 Trust, reserving to herself a life estate and a power of sale. In March of 2009, Mrs. Van Nostrand then conveyed all interests in the back parcel to Mark and Nancy Van Nostrand.

3.     Prior superior court litigation, finalized in an appeal to the Vermont Supreme Court, established that a right of way (the "Nordlund right of way") exists between the back parcel and West Shore Road, thereby providing access for the benefit of the back parcel. This right of way crosses over both Plaintiff's property and Mrs. Van Nostrand's front parcel; where it crosses over Plaintiff's property, it is no more than eighteen feet wide. See Nordlund v. Van Nostrand, No. 56-3-06 Ancv (Ad. Sup. Ct. Dec. 14, 2006) (Katz, J.), aff'd., No.2007-027, slip op. (Vt. Aug. 17, 2007) (unpub. mem.).

4.     In 2004, Ronald and Elizabeth Van Nostrand applied for a zoning permit to construct a residence on the back parcel. The Zoning Administrator granted the permit, but the Town of Salisbury Development Review Board ("DRB") reversed the granting of that permit application when Ms. Nordlund appealed, finding that access to the property did not comply with the 50-foot minimum width requirement of the Town of Salisbury Zoning Regulations ("Regulations"). The Van Nostrands appealed the DRB determination to this Court.

5.     In 2005, Ronald and Elizabeth Van Nostrand also applied for a variance to access the back parcel through the undersized Nordlund right of way. The DRB denied the variance and the Van Nostrands appealed to this Court. The right of way and permit appeals were consolidated for trial by this Court.

6.     On appeal, this Court ruled that the building permit should be reinstated. In re Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. (Vt. Envtl. Ct. May 18, 2007) (Durkin, J.). Plaintiff appealed this ruling to the Vermont Supreme Court, which reversed that determination and remanded the pending variance and permit applications to this Court. In re Van Nostrand, 2008 VT 77.

7.     While these appeals were pending, Mark and Nancy Van Nostrand applied for a zoning permit to construct their house on the back parcel and for approval of an alternate 50-foot wide right of way for the back parcel through the front parcel (the "Van Nostrand right of way"). The DRB approved this alternate right of way and building permit.[3]

8.     On remand of the consolidated zoning applications from the Supreme Court, this Court conducted a trial and thereafter denied the Van Nostrands' variance request, due to the undersized width of the Nordlund right of way. Having denied the variance request, this Court concluded that it must also deny the 2004 zoning permit application that relied upon the Nordlund right of way. In re Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. (Vt. Envtl. Ct. Oct. 21, 2009) (Durkin, J.). Those determinations were not appealed by either party and have therefore become final.

9.     In support of Mark and Nancy Van Nostrand's second permit application, Elizabeth Van Nostrand conveyed to them an alternate, fifty-foot-wide easement

---

[3] The first zoning permit for construction was granted in 2007. Construction was not begun on the parcel and the permit lapsed after two years. A second zoning permit was applied for and granted in 2009.

over her front parcel, to serve as an alternate access for the back parcel. Defendants Mark and Nancy Van Nostrand have since completed construction of a house on the back parcel. In the course of occupying and using their new home, Mark and Nancy Van Nostrand and their invitees have used both rights of way over the Nordlund and Van Nostrand properties to access their back parcel home.

10. Elizabeth Van Nostrand has on occasion traveled over Plaintiff's property in the course of accessing her front parcel property. Mrs. Van Nostrand does not have a lawful right to access her property via Plaintiff's property, having conveyed the right of way that partially travels over Plaintiff's property to her son and daughter-in-law when she conveyed the back parcel to them.

11. On occasion, Elizabeth Van Nostrand has parked her vehicle in such a manner, and allowed her guests to park their vehicles in such a manner, that the only available access to the back parcel is over the right of way that partially travels over Plaintiff's property.

## Discussion

Plaintiff Nordlund filed this enforcement action against all three named Defendants, premised upon the following: (a) the October 21, 2009 Judgment Order ("Order") of this Court; (b) various permit determinations by the DRB relating to the back parcel; and (c) applicable provisions of the Regulations. Plaintiff relies upon 24 V.S.A. § 4470(b) and V.R.E.C.P. 3(3) for the jurisdictional authority to prosecute her claims. Defendants have filed motions for summary judgment, challenging the jurisdictional authority of all of Plaintiff's claims. For the reasons stated below, we GRANT Defendants' summary judgment requests.

As has been often stated, a trial court may only grant a motion for summary judgment when "the pleadings, depositions, [and] answers to interrogatories, ... together with the affidavits, if any, ... show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). As we review a motion for summary judgment, we "must consider the facts presented in the light most favorable to the nonmoving party." Madkour v. Zoltak, 2007 VT 14, ¶ 12, 181 Vt. 347. With this standard in mind, we review the pending motions.

A private individual is authorized to bring an action against another individual or municipality under 24 V.S.A. § 4470(b) to enforce a decision of "a zoning board of adjustment (ZBA), planning commission, or development review board (DRB)." Whitmore v. Phillips, No. 18-1-09 Vtec, slip op. at 3 (Vt. Envtl. Ct. Mar. 12, 2009) (Wright, J.). Such actions may also be brought when based upon municipal land use determinations made by this Court on appeal. City of Burlington, v. Richardson, No. 188-10-03 Vtec, slip op. at 12 (Vt. Envtl. Ct. June 27, 2006) (Wright, J.). We therefore review Plaintiff's Complaint to determine what claims are presented that may lawfully be presented under § 4470(b).

Plaintiff seeks to enforce this Court's Order which denied a zoning permit and variance for approval of the access via the Nordlund right of way. However, we have searched in vain for the provision of that Order that Defendants have violated. The Order has no specific provision prohibiting the use of the Nordlund right of way; Plaintiff argues that the Order contains such a directive, but we find none. In fact, this Court specifically concluded that "it does not have the jurisdictional authority to determine the nature and limits of the use and enjoyment by either party of their respective properties, including easements that encumber or benefit those properties." Order at 4.

Plaintiff appears to interpret our denial the variance request concerning the Nordlund right of way as a rejection of the Van Nostrand's right to use the

right of way that partially traverses Plaintiff's property.  We rejected such a claim as beyond the scope of the permit applications we considered over the last several years, and must now reject Plaintiff's assertion that the 2009 Order contains such a prohibition on the Van Nostrand's easement rights.

Plaintiff wishes to enjoin Defendants from using the right of way over her property to access the Van Nostrand residences.  In order for such relief to be awarded under 24 V.S.A. § 4470(b) there must be a decision, either from an appropriate municipal panel or this Court, specifically stating that Defendants' use is prohibited.  In our search of our record of all municipal land use determinations relating to the Van Nostrand property, we find no such directive from an appropriate municipal panel, or this Court.

In her complaint, Plaintiff references the DRB zoning permit which approved access to the back parcel through the Van Nostrand right of way.  This brief mention does not refer to any specific permit condition to be enforced.  We find no specific provision that limits or bars Defendants' use of the Nordlund right of way.  In the absence of a clear and specific prohibition contained as a permit condition, we must conclude that Plaintiff has failed to identify a zoning permit condition that can be enforced under 24 V.S.A. § 4470(b).

For a zoning permit to be the subject of an enforcement action, the permit condition "must be expressed with sufficient clarity to give notice" of possible enforcement.  In re Farrell & Desautels, Inc., 135 Vt. 614, 617 (1978) (citing Suburban Club of Larkfield, Inc. v. Town of Huntington, 294 N.Y.S.2d 4, 8 (N.Y. Sup. Ct. 1968) aff'd., 297 N.Y.S.2d 893 (N.Y. 1968) (unpub. mem.)).  We must be mindful that zoning permits and the zoning ordinances upon which such permits rely "are in derogation of common law property rights and that 'in construing land use regulations any uncertainty must be decided in favor of the property owner.'"  In re Weeks, 167 Vt. 551, 555 (1998) (citing In re Vitale, 151 Vt. 580, 584, (1989)).  If a provision is to be enforced, fair notice must be given to the party against whom enforcement is sought.  Id.

In the absence of a decision of an appropriate municipal panel or this Court clearly restricting the use of the Nordlund right of way, we cannot provide the relief Plaintiff requests under 24 V.S.A. § 4470.  Id.

The Environmental Court is a court of limited jurisdiction and, as such, only possesses the authority granted to it by the Legislature; the power of this Court is limited to cases arising under specific statutes.  See 4 V.S.A. § 1001.  "There is no presumption of jurisdiction as to courts of special and limited powers." Barber v. Chase, 101 Vt. 343, 305 (1928) (citing Barrette v. Crane, 16 Vt. 246 (1844)).

The Environmental Court's authority is narrowly defined; we must be diligent in refusing to address matters not within our jurisdiction.  "It has long been the law of this State that a court will dismiss a cause at any stage, whether moved by the party or not, when it is discovered that it [lacks subject matter] jurisdiction." Gerdel v. Gerdel, 132 Vt. 58, 65 (1973) (citing In re Bellows Falls Hydro-Elec. Corp., 114 Vt. 443, 445 (1946)).  "This Court has a duty to dismiss legal issues '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" In re Champlain Marina, Inc., Dock Expansion, No. 28-2-09 Vtec, slip op. at 9 (Vt. Envtl. Ct. July 31, 2009) (Durkin, J.) (quoting V.R.C.P. 12(h)(3)).

Plaintiff's claims fall outside of the jurisdiction of this Court. Plaintiff asks for Defendants to be enjoined from using the Nordlund right of way and from blocking the Van Nostrand right of way.  Plaintiff also asks the Court to allow her to install signage and a gate to restrict access to the

Nordlund right of way.  Without a prior decision from an appropriate municipal panel or this Court authorizing these requests, we have no jurisdictional authority to address them.  See In re Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 9 (Vt. Envtl. Ct., Jan. 13, 2006) (Durkin, J.) ("[T]he Environmental Court is not vested with the jurisdiction to determine the parties' respective private property rights to land or easements that benefit or encroach upon their property."); In re Kelley, No. 34-3-04 Vtec, slip op. at 6 (Vt. Envtl. Ct. Aug. 19, 2005) (Wright, J.) ("[T]his Court cannot resolve disputed property rights as between the parties.").  Indeed, the Order states that "the Court noted from the bench that it does not have the jurisdictional authority ... to determine the nature and limits of the use and enjoyment by either party of their respective properties, 'including easements that encumber or benefit those properties.'"  In re Van Nostrand, Nos. 209-11-04, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Oct. 21, 2009) (Durkin, J.).  To act upon Plaintiff's requests, as well as her request to render void an agreement between Defendants Mark and Nancy Van Nostrand and Elizabeth Van Nostrand, would require us to ignore our jurisdictional limitations.  This we cannot do.

Absent a clear decision of a municipal panel or this Court, the relief Plaintiff seeks would require an independent determination of property rights and contract rights, neither of which is within the jurisdiction of this Court. Because these issues are outside of our jurisdiction, we declined to address them in our prior trial and, therefore, cannot address them through an action brought to enforce that Order.

After review of this action by the Court, we find that, even when viewing all material facts in a light most favorable to Plaintiff, we must conclude that this Court lacks subject matter jurisdiction over all the claims Plaintiff raises in her Complaint.  As such, we are required to DISMISS Plaintiff's action and GRANT Defendants' motions for summary judgment.


_____      ___July 7, 2010_____
      Thomas S. Durkin, Judge                        Date
========================================================================
Date copies sent to:  _____          Clerk's Initials _____
Copies sent to:
    Karl W. Neuse, Attorney for Plaintiff Linda C. Nordlund
    James C. Foley, Jr., Attorney for Defendants Elizabeth M. Van Nostrand and
       the Elizabeth M. Van Nostrand 2007 Trust
    Defendant Mark L. Van Nostrand
    Defendant Nancy A. Van Nostrand