State of Vermont
               Superior Court  -  Environmental Division

=============================================================================
                E N T R Y   R E G A R D I N G   M O T I O N
=============================================================================

Wilcox Ice Cream Factory                    Docket No. 70-4-07 Vtec
Project:    Wilcox Ice Cream Factory
Applicant:  Howard Wilcox
                                            Municipal DRB Other

Title: Motion to Stay Proceedings, No. 5

Filed:      June 28, 2010

Filed By:  Jon S. Readnour, Attorney for Appellee Howard Wilcox

Response in Opposition filed on 06/28/10 by W. Michael Nawrath, Attorney for
          Appellants Gerald M. Wilcox and Anne B. Wilcox


__x_ Granted            ___ Denied            ___ Other

     This action is an appeal from the Town of Manchester Development Review
Board's ("DRB") decision approving an application to extend the construction
start dates of a proposed ice cream factory.  The ice cream factory is to be
built on a portion of a family farm.  The parties to this action, Appellant
Gerald Wilcox and Applicant Howard Wilcox, are currently joint owners of the
farm, as well as brothers.  In addition, they are also parties to a land
partition action, which originated in Bennington Superior Court, to divide
their joint interest in the family farm.  The appeal of the DRB decision was
stayed by this Court during the pendency of the partition action.  See Wilcox
Ice Cream Factory, No. 70-4-07 Vtec, slip op. (Vt. Envtl. Ct. Aug. 10, 2007)
(Durkin, J.) (unpub. mem.).

     The Bennington Superior Court has since rendered a decision.  Howard
Wilcox v. Gerald Wilcox, No. 96-3-06 Bncv (Vt. Sup. Ct. Feb. 18, 2010) (Suntag,
J.).  On June 1, 2010, Appellant Gerald Wilcox filed a notice of appeal of the
partition decision with the Vermont Supreme Court.  During this Court's most
recent status conference, held on June 28, 2010, Applicant Howard Wilcox
requested that this Court continue the stay of these proceedings until the
Supreme Court renders a final decision on the land partition appeal.  Appellant
Gerald Wilcox opposes a continued stay of these proceedings, and now asserts
that the uncertainty of these land use appeal proceedings may have jeopardized
the partition of the parties' joint property, to his detriment.

     We regard the pending stay request, and opposition thereto, to be
governed to some degree by general concepts concerning the limited nature of
this Court's jurisdiction.  We first note that this Court is without the
jurisdictional authority to determine parties' respective rights in real
property.  See In re Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at
4 (Vt. Envtl. Ct., Jan. 13, 2006) (Durkin, J.), rev'd on other grounds, 2008 VT
77, 184 Vt. 557; In re Bowman, No. 70-5-90 Vtec, slip op. at 8-9 (Vt. Envtl.
Ct. June 21, 2005) (Wright, J.).  Second, this Court may only entertain a land
use application for which the applicant has "produce[d] some evidence of title
or an interest in the property to be developed."  In re Leiter Subdivision
Permit, No. 85-4-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin,
J.) (citation omitted).  This "initial threshold burden," while relatively low,

must be satisfactorily met before such a case can proceed. <u>Id</u>. To consider a land use application without receiving evidence of the applicant's authority to develop the land would constitute an advisory opinion, something for which this Court, and all courts, has no authority to issue. See <u>In re 232511 Investments, Ltd.</u>, 2006 VT 27, ¶ 19, 179 Vt. 409 (stating that "purely advisory opinions" are not within this Court's jurisdictional authority).

In the instant case, the parties are awaiting the outcome of an appeal that will determine each individual's separate rights in property they jointly own. Appellant, who is currently a co-owner of the property, opposes the pending application. Applicant concedes that he is unable to presently make a showing that he has clear and unclouded title of the land to be developed. Further, Appellant concedes that he has now filed an appeal of the land partition with the Vermont Supreme Court to reverse the Superior Court decision in total. Should Appellant's pending land partition appeal before the Supreme Court succeed, Applicant's right to develop the subject property would be thrown into uncertainty.

For this Court to proceed to a trial and merits decision on the pending land use application, we would be asked to approve (or deny) the construction of an ice cream manufacturing facility, but at a presently unknown location. Such an application, were it to go forward, could only be deemed incomplete. Since the parties are in agreement that the appeal pending before the Supreme Court prevents Applicant from stating with certainty where the manufacturing facility will be located, we can only conclude that a stay of these proceedings must continue until a final determination in the land partition action is rendered. We therefore must GRANT Applicant's request that the stay of these proceedings be continued.

We direct that Jon S. Readnour, attorney for Applicant Howard Wilcox, immediately inform this Court when the Supreme Court renders a final disposition of the pending land partition appeal.

_____     _____July 8, 2010_____
     Thomas S. Durkin, Judge                         Date
========================================================================
Date copies sent to: _____          Clerk's Initials _____
Copies sent to:
    Attorney W. Michael Nawrath for Appellant Gerald M. Wilcox
    Attorney W. Michael Nawrath for Appellant Anne B. Wilcox
    Attorney Robert E. Woolmington for Interested Person Town of Manchester
    Attorney Jon S. Readnour for Appellee Howard Wilcox